STATE, *ex rel.* J. C. STEWART, v. CHAUNCEY BOYER, individually and as Chairman of the Orlando Boxing and Wrestling Commission, an unincorporated body.

183 So. 338.
Opinion Filed July 23, 1938.
Rehearing Denied September 29, 1938.

*George P. Garrett*, for Plaintiff in Error;
*H. N. Roth*, for Defendant in Error.

PER CURIAM.—The writ of error brings for review judgment in favor of respondent on motion to quash sustained to second alternative writ of mandamus.

By mandamus proceedings the plaintiff in error sought to require the respondent Boyer, individually and as Chairman of the Orlando Boxing and Wrestling Commission, an unincorporated body, to sign a check and deliver the same to the relator in payment for moneys alleged to have been advanced by the relator in conducting the affairs of the Orlando Boxing and Wrestling Commission which transactions occurred at the time when the relator was acting as the Orlando Boxing and Wrestling Commission.

The allegations of the alternative writ of mandamus are insufficient to show that the relator had any power or authority to act as constituting the Orlando Boxing and Wrestling Commission. The writ alleges that he advanced the money for which he seeks restitution while acting in the capacity of "sole Boxing and Wrestling Commissioner of the City of Orlando," and that as such commissioner he acted as the Commission.

Section 8 of the Ordinance provides:

"Section 8. That the Boxing and Wrestling Commission of the City of Orlando shall consist of three (3) members, to be elected bi-annually by the City Council of City of Orlando, Florida, each member to serve a period of two years from date of election, and thereafter until a successor has been elected. Members to fill vacancies on said Commission shall be likewise elected by the City Council to serve for the unexpired term caused by any vacancies."

Therefore, to constitute the Boxing and Wrestling Commission of the City of Orlando there was required to be three members.

The allegations of the second amended alternative writ are also insufficient to show that the relator was authorized to create any obligation which would bind such commission to pay a debt so incurred.

It, therefore, follows that the relator has not shown by the allegations of the second amended alternative writ of mandamus that he has a clear legal right to the relief sought, nor has he by such allegations made it to clearly appear that the legal duty rests on the respondent to perform the act sought to be coerced.

Therefore, the judgment should be and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

### REHEARING DENIED.

PER CURIAM.—On petition for rehearing it is alleged that rehearing should be granted because "the Supreme Court overlooked and failed to consider the true facts when the Supreme Court determined that J. C. Stewart could not be sole boxing and wrestling commissioner because 'to constitute the Boxing and Wrestling Commission of the City of Orlando there was required to be three members.' That is true under the ordinance now effective. It was not true at the time that Stewart acted as sole Boxing and Wrestling Commissioner. Stewart was acting under a prior ordinance, copy attached hereto and made a part hereof. That there was a prior ordinance appears on the face of this Record, (R. 10). In fact, there were several successive such ordinances."

Such ordinances so referred to do not appear in the record.

No authority is shown by the allegations of the alternative writ under which the relator had the power to incur any such indebtedness on behalf of the commission as is made the subject matter of this action.

The ordinance which does appear in the record clearly contemplates that no expense shall be incurred by the Com-

568

mission in connection with any matches, bouts or exhibitions, but it appears that all expense incident to such performances shall be borne by the promoters.

Section 4 of the Ordinance provides, in part:

"Section 4. The Boxing and Wrestling Commission of the City of Orlando shall thereupon promptly consider the said application for the purpose of determining whether or not the same is in good faith, and that said applicant is of sufficient financial responsibility to stage said boxing or wrestling exhibition as set forth in said application. If the Boxing and Wrestling Commission shall find said applicant is of good moral character and has sufficient finances for the purpose of staging said pugilistic exhibition," * * *.

We must be governed by the record as we find it.

Rehearing denied.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.